# HOME MUTUAL FIRE INSURANCE COMPANY

## *v.*

## THOMAS RONAN.

1. PRACTICE—*waiting for counsel to appear to try a cause.* The matter of delaying the trial of a cause for counsel to appear, is analogous to an application to set aside a default, and in such cases it is not the practice of appellate courts to interfere, except where the court below is chargeable with an abuse of its discretion.

2. In this case, one of defendant's attorneys was in court waiting the call of the case, and shortly before it was reached, went out to notify one of his co-partners, who expected to take charge of the trial. The case was reached sooner than the counsel expected, and the court, having been notified by the counsel who had been in attendance that he was going for his associate, waited from fifteen to twenty minutes after calling the case for counsel to appear. No one appearing for the defendant, the court caused a jury to be impannelled, and the plaintiff made his proof and obtained a verdict. Immediately after the verdict was returned and judgment entered,

the defendant's counsel entered the court room, and asked to have the proceedings set aside. This was refused, and counsel then made a formal motion to that effect, stating that the defendant had a good defense, but the motion was overruled. After the senior counsel had been notified by his associate that the case was about to be called, he waited ten or fifteen minutes in his office, not supposing that the call was so near at hand. The refusal of the court below to open the case, under the circumstances, was not such an abuse of discretion as to call for a reversal.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

The opinion states the case.

Messrs. SLEEPER, WHITON & DURHAM, for the appellant.

Messrs. HERVEY, ANTHONY & GALT, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This is a motion to set aside a judgment for $190, obtained under the following circumstances: One of the appellants' attorneys was in attendance on the court waiting the call of this case, and shortly before it was reached, went out to notify one his co-partners, who expected to take charge of the trial. The case was reached sooner than the counsel expected, and the court, having been notified by the counsel who had been in attendance that he was going for his associate, waited from fifteen to twenty minutes after calling the case, for counsel to appear. No one appearing for the defendant, the court caused a jury to be impannelled, and the plaintiff made his proof and obtained a verdict. Immediately after the rendition of the verdict and the entry of the judgment thereon, the counsel for the defendant reached the court room, and asked to have the proceedings set aside. This the court refused to do, and counsel then made a formal motion to that effect, stating that the insurance company had a good defense, but the court overruled the motion. After the senior counsel had been

notified by his associate that the case was about to be called, he waited ten or fifteen minutes in his office, not supposing that the call was so near at hand.

For the sake of having all cases tried upon their merits, we should be glad to reverse this judgment, if we could well do so. The delay in point of time had been so slight that we regret the court did not, upon the assurance of counsel that they had a *bona fide* defense, set aside the verdict on terms, taxing the costs to that day against defendant, and proceeding *instanter* to another trial. We can not, however, with propriety, reverse the judgment. The motion was analogous to a motion to set aside a default, and in such cases, it is not the practice of appellate courts to interfere, except where the court below is chargeable with an abuse of its discretion. We can not say the present case falls within that category. The dockets of the courts of Chicago are known to be very much crowded with business, and when that is the case, the importance of promptitude, and of some strictness, amounting almost to inflexibility, in the enforcement of rules, is greatly increased. Of the degree of strictness necessary, the judges of those courts can form a better opinion than we can. It is apparent, however, that no court, with much business to do, can be expected to wait very long for counsel to appear on the calling of a case, as, if it is done in one case it must be done in all. Here the court waited from fifteen to twenty minutes, and we can not reverse its judgment because, after waiting that length of time, it refused to open the case.

*Judgment affirmed.*